Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

FILED
NOV 18 2005
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ROGER GOMEZ,<br><br>    Petitioner,<br><br>    v.<br><br>STEWART J. RYAN, Warden,<br><br>    Respondent. | Case No. EDCV 04-1004-AHM (MLG)<br><br>FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

On September 8, 2005, this Court issued a Report and Recommendation finding that thirteen of the fourteen claims presented in this first amended petition for writ of habeas corpus had not been exhausted and that the petition was therefore a "mixed" petition and subject to dismissal. 28 U.S.C. § 2254(b) and (c); *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979); see *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Petitioner was advised that he had the choice of dismissing the petition and returning to state court to exhaust all of his state remedies or dismissing the unexhausted claims and submitting only the one exhausted claim for consideration. *Jefferson v. Budge*, 419 F.3d 1013, 1015 (9th Cir. 2005).

DOCKETED ON CM
NOV 18 2005
BY _____
040

On October 24, 2005, Petitioner filed objections to the Report and Recommendation. Because these objections raised an inference that some of the unexhausted claims might have been presented to the California Supreme Court, this Court, on October 26, 2005, ordered the parties to submit supplemental information relating to any claims Petitioner had presented to the California Supreme Court and the vehicles through which he had elected to present those claims.

On November 9, 2005, Respondent filed his supplemental pleading and on November 14, 2005, Petitioner filed his supplemental pleading. A review of these supplemental pleadings reveals that an additional three of the thirteen unexhausted claims were raised in the California Supreme Court by way of a Petition for Writ of Mandate filed on November 18, 2004 and denied by that court on December 1, 2004.

However, this Court finds that the presentation of these claims by way of this writ did not satisfy the exhaustion requirement because they were not presented through a "proper vehicle". *Castille v. Peoples*, 489 U.S. 346, 351 (1989)(Where a claim has been presented in a procedural context in which it will not be considered in the absence of extraordinary circumstances, the claim has not been fairly presented for exhaustion purposes.); *Pitchess v. Davis*, 421 U.S. 482, 488 (1975)(The denial of a petition for an extraordinary writ under California law is not an adjudication of the merits of the claim for purposes of exhaustion); *see also Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005); *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). Indeed, Petitioner appears to acknowledge that the petition for writ of mandate was not a proper vehicle for presenting his claims, but continues to make the previously rejected argument

that there was no other vehicle available to him.

In addition, the court notes that the Report and Recommendation directed Petitioner to inform the Court as to whether he wished to avail himself of either of the two options available to him. Petitioner has chosen not to make this election. Instead, he persists in his assertion that he is entitled to a hearing on all of the claims in his petition, notwithstanding the failure to exhaust all but one of those claims.[1]

Accordingly, for the reasons stated above, and in the Report and Recommendation filed on September 8, 2005, it is recommended that the petition be dismissed without prejudice.

Dated: November 18, 2005

_____
Marc L. Goldman
United States Magistrate Judge

---

[1] It should be also be noted that the court rejected Petitioner's request to "stay and abey" this petition in the Report and Recommendation. *Rhines v. Weber*, 125 S.Ct. 1528, 1535 (2005).